JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL KING,<br><br>                    Petitioner,<br><br>       v.<br><br>U.S.P. VICTORVILLE,<br><br>                    Respondent. | Case No. 5:24-01978 TJH (ADS)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

I.      **INTRODUCTION**

On August 15, 2024, Petitioner Darrell King ("Petitioner") filed a handwritten Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Petition").  (Dkt. No. 1.)  The Petition alleges a due process violation in connection with a disciplinary incident (the "Incident") that Petitioner states he did not commit.  (Id. at 1.)  Petitioner states he was punished and sanctioned for the Incident.  (Id.)  The Petition attaches a document dated December 16, 2022 from M. Rios, a Regional Director for the Federal Bureau of Prisons ("BOP"), requesting the BOP Disciplinary Hearing Officer ("DHO") rehear the Incident.  (Id. at 2-5.)  The Petition

asserts that such rehearing has yet to occur, though nearly two years had passed. (Id. at 5.)

On October 17, 2024, the Court issued an Order Requiring Response to Petition. (Dkt. No. 12.) On December 16, 2024, the Respondent filed a Notice of Mootness of Petition. (Dkt. No. 15.) The Notice of Mootness states the BOP DHO conducted a rehearing of the Incident and found there was insufficient evidence to substantiate the Incident. (Id. at 1.) The Respondent further states the Incident has been expunged from the Petitioner's record and all sanctions relating to good conduct time have been credited back to Petitioner's sentence. (Id.)

On December 17, 2024, the Court ordered the Petitioner to show cause why the Petition should not be dismissed as moot no later than December 30, 2024 (the "OSC"). (Dkt. No. 16.) As of the date of this Order, Petitioner has not filed a response to the OSC, or otherwise communicated with the Court.

## II. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

Petitioner has failed to prosecute this Petition and comply with court order. Petitioner did not respond to the Notice of Mootness or OSC. The OSC expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed for lack of prosecution and failure to obey court order pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 16.)

Petitioner's failure to respond to the OSC reflects a lack of prosecution of the case. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cites the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's OSC warrants dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor—risk of prejudice to Respondent—also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay." (citation omitted)). The fourth factor—the public policy favoring disposition of cases on their merits—is outweighed by the factors in favor of dismissal and the fact that the Petition now appears moot as the Incident at issue has been expunged from Petitioner's record and any loss of good time credits resulting from the Incident restored to him.

Finally, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed as moot. (Dkt. No. 16.) Petitioner has been afforded the opportunity to respond yet he has not done so. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

### III.   THE PETITION IS MOOT

The Petition also appears to be moot. "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."

Deakins v. Monaghan, 484 U.S. 193, 199 (1988) (citations omitted). To sustain jurisdiction in federal court, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). This limitation subsists through all stages of federal judicial proceedings, trial, and appellate. Id.

The Petition seeks relief from the Incident and resulting sanctions. (Dkt. No. 1.) The Notice of Mootness filed by Respondent indicates a BOP DHO conducted a rehearing of the Incident and found there was insufficient evidence to substantiate the Incident. (Dkt. No. 15 at 1.) Respondent states the Incident was thereafter expunged from Petitioner's record and all sanctions relating to good conduct time have been credited back to Petitioner's sentence. (Id.) Respondent submits evidence in support of the Notice of Mootness indicating the Petitioner was present for the rehearing. (Id. at Exhibit A.)

Petitioner has filed no response to the Notice of Mootness or to the OSC. Given the allegations in the Petition, the Notice of Mootness, and Petitioner's failure to prosecute his case, there is no obvious reason to believe the situation is not fully resolved or that the problem is capable of repetition. Petitioner has obtained the relief he sought in the Petition—relief from the Incident and resulting sanctions. Accordingly, there is no relief for this Court to provide, and the Petition must be dismissed. See Williams v. United States, No. CV 19-1775 DMG (SS), 2019 WL 7841920, at *2 (C.D. Cal. Oct. 8, 2019) (holding that petitioner's request to order BOP to recalculate his good time credits was moot because he was released from BOP custody, and thus, there was no relief for the court to provide); Bisel v. Birholz, No. CV 22-7266 CJC (MRW), 2023 WL 2356691, at *1 (C.D. Cal. Feb. 22, 2023) (dismissing habeas

action as moot when petitioner was transferred to halfway house because "there is no other aspect of his sentence or conditions of confinement for this Court to address."); Dial v. Gutierrez, No. ED CV-21-2100 VBF (MRW), 2022 WL 4099755, at *1 (C.D. Cal. Aug. 9, 2022) (dismissing habeas action as moot when petitioner sought transfer to a different prison and was subsequently transferred).

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: February 7, 2025

        /s/ Terry J. Hatter, Jr.       
THE HONORABLE TERRY J. HATTER, JR.
United States District Judge

Presented by:

     /s/ Autumn D. Spaeth        
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge